UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *TODD ERIC PARSONS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 08-218-B-W* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

### *REPORT AND RECOMMENDED DECISION*[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erred in finding that his depression was not a severe impairment, and that his evaluation of the plaintiff's credibility was not supported by substantial evidence. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from mild degenerative disc disease at the L4/5 level, mild to moderate degenerative disc disease at the L-5/S-1 level, mild to moderate retrolisthesis of L-2 on L-3, L-3 on L-4, and L-4 on L-5, and

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on January 16, 2009, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

mild degenerative changes at the T-11/T-12 and L-1/L-2 levels, impairments that were severe but which, considered individually or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 19 & 25; that he had the residual functional capacity to perform a full range of light work, except that he could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, Finding 5, *id.* at 26-27; that he was unable to perform any past relevant work, Finding 6, *id.* at 28; that, given his age (32), high school education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.*; and that he accordingly had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 11, *id.* at 29. The Decision Review Board affirmed the decision, *id.* at 2-4, making it the final determination of the commissioner, 20 C.F.R. § 405.420.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual

functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's arguments also implicate Step 2 of the sequential process. Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.,* 795 F.2d 1118, 1123 (1st Cir.1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

## Discussion

### A. Step 2

With respect to the plaintiff's claim that his depression was a severe impairment, the administrative law judge found as follows:

> In the judgment of the undersigned the claimant has suffered from depression, but he has not established that it has been a "severe" impairment, meeting the *continuity* and *durational* criteria listed above [in 20 C.F.R. §§ 404.1509 and 416.909]. Furthermore depression has not imposed any identifiable, sustained functional limitations upon him. He would not be expected to experience restrictions of his activities of daily living meeting the continuity and durational criteria. He would not be expected to have difficulties in maintaining social functioning meeting those criteria. He would not have difficulties in maintaining concentration, persistence or pace meeting those criteria. He has not had episodes of decompensation, nor is there evidence that he could be expected to have[] episodes of decompensation meeting those criteria in the future.

Record at 22-23.  The "criteria" for functional limitations to which this paragraph refer are found in 20 C.F.R. §§ 404.1520a and 416.920a.

The plaintiff asserts that, as of the date of the hearing, his diagnosis of depression was 10 months old, and "[t]here is no evidence in the record that the claimant's depression has improved or resolved."  Statement of Specific Errors ("Itemized Statement") (Docket No. 7) at 3.  In order to provide a basis for an award of benefits, an impairment must be expected to result in death or it must have lasted or be expected to last for a continuous period of at least 12 months.  20 C.F.R. §§ 404.1509 & 416.909.  The plaintiff does not claim that his depression is expected to result in death, and his own presentation establishes that, based on the medical evidence, the depression had not yet lasted for a continuous period of at least 12 months at the time of the hearing.  Therefore, it was the plaintiff's burden to provide medical evidence that his depression was expected to last for a continuous period of at least 12 months.  20 C.F.R. §§ 404.1529(c), 416.929(c).  He did not do so.[2]  The lack of evidence to the contrary is not sufficient to carry the plaintiff's burden.

At oral argument, counsel for the commissioner pointed out, correctly in my view, that Social Security Ruling 85-28, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 393, sets forth the test for severity at Step 2, which also acts to bar remand in this case:

> The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs.  Examples of these are walking, standing, sitting,

---

[2] The plaintiff offers evidence that at the time of the hearing he was "still diagnosed as suffering from depression and was being prescribed Imipramine, Cymbalta, Wellbutrin and Valium."  Itemized Statement at 3.  Assuming that all of these medications are prescribed to treat depression, *but see* Record at 227, medical evidence of the mere existence of an impairment is also insufficient at Step 2.  There must be evidence of the severity of the impairment, albeit at a low threshold.  The fact that medication for the condition is prescribed, standing alone, is not medical evidence that the impairment has more than a minimal effect on the claimant's ability to work.  It may well be that, as medicated, the impairment has no effect at all on the claimant's ability to work.  The plaintiff may not rely on speculation in order to carry his burden of proof at Step 2.

4

> lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Thus, these basic work factors are inherent in making a determination that an individual does not have a severe medical impairment.

Here, the plaintiff offered no evidence that his depression had more than a minimal impact on his ability to perform the mental activities on this list. This is another reason to reject his argument at Step 2.

## B. Step 5

The plaintiff contends that the administrative law judge's evaluation of his credibility is not supported by substantial evidence. Itemized Statement at 3-7. The administrative law judge discussed the plaintiff's credibility as follows:

> After considering the evidence of record the undersigned finds that the claimant's medically determinable impairments could not reasonably be expected to produce all of his alleged symptoms and functional limitations, and that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms, including symptoms of pain, are not credible to the extent they are inconsistent with the residual functional capacity assessment set out above.
>
> * * *
>
> The proposition that the claimant is capable of performing a nearly full range of work activity of a light exertional level is most consistent with the objective medical evidence described above. To the extent that the claimant maintains otherwise, his assertions are not deemed to be fully credible. In reaching this conclusion, I have considered his demeanor and the fact that one exacerbation of his pain was brought about by "shoveling," during a period of time he maintains he was able to engage in almost no activity. I have also considered the above-described symptom "magnification" observation set out in his medical records, as well as the inconsistencies in the information he provided concerning adverse medication side effects.

*Id*. at 27-28. The reference to symptom magnification is to Exhibit 19F. *Id*. at 27.

The administrative law judge's discussion of the plaintiff's statements about the side effects of medication is as follows:

> He maintains that he takes pain medications about six times per day, conceding that medication does help his pain for an hour or two at a time (but does not completely relieve it). During the period of time here in issue he has used the drugs Bupropion, Percocet, Oxycodone 15 mg. 4 times per day, Diazepam 5 mg. three times per day, Ultram 50 mg. up to six times per day for pain, Imipramine Hcl 2 at night for pain, Ibuprofen 800 mg. three times per day for pain, Tylenol extra strength six to ten times per day, Cymbalta 60 mg. per day for depression, Wellbutrin 150 mg. twice daily and Valium 5 mg. three times per day for muscle spasms. He originally did not claim that he had experienced adverse medication side effects, or that he experienced only diarrhea *and* constipation. More recently, however, he has also complained of dry mouth and sleepiness, including sleepiness allegedly cause by *ibuprofen*. His most recent statement on this issue was his testimony to the effect that the medications he is on *now* do *not* cause adverse medication side effects, but are less effective than narcotic analgesics he took previously.

*Id*. at 20-21 (citations omitted) (emphasis in original).

As noted, the administrative law judge cites Exhibit 19F as evidence of the plaintiff's symptom magnification. *Id*. at 27. The plaintiff contends that the administrative law judge "misinterpreted" this record and contends that it in fact "clearly reflects that Dr. Buck reported that the claimant's depression was magnifying his physical symptoms." Itemized Statement at 5. The apparent reference is to an entry dated October 16, 2007, by Christopher Buck M.D., which reads: "Problem #1: DEPRESSION (ICD-311)/Insomnia prominent aspect. Likely magnifying physical symptoms of back pain. See below." Record at 432. Below, under the heading "Problem #2," Dr. Buck discusses back pain. *Id*.

The plaintiff asserts that the administrative law judge "misinterpreted" this medical evidence to support a conclusion that his assertions were not credible. Itemized Statement at 5. It is possible that Dr. Buck's entry means that the plaintiff's depression makes it impossible for him to describe his symptoms objectively, but it is also possible that Dr. Buck means that the

plaintiff magnifies his pain symptoms because his depression leads him not to care whether he tells the truth, or, thirdly, Dr. Buck may mean that magnification of pain symptoms is a known symptom of depression. Given this ambiguity, the court simply cannot find that the administrative law judge misinterpreted this medical evidence, and this argument cannot carry the day for the plaintiff.

The plaintiff next assails the administrative law judge's reliance on his reported shoveling as being inconsistent with his reports of himself "as being profoundly functionally limited." *Id*. at 20. The plaintiff points to his statement on a function report form where he reported that "if I feel ok and try to do anything, then I pay for it in pain and have to lay flat on my Back." Itemized Statement at 6; Record at 190. He asserts that the fact that he "tried to shovel and experienced an increase in pain is entirely consistent with the claimant's description of his activities" during the relevant time period. Itemized Statement at 6. However, the administrative law judge could reasonably conclude that even "trying to shovel" is inconsistent with inability to stand for typically more than 10 to 15 minutes at a time, inability to lift more than a half gallon of liquid, and inability to stoop or bend. Record at 20.

The plaintiff suggests that the administrative law judge's conclusion that he was inconsistent in reporting the side effects of his medications is erroneous because the evidence cited by the administrative law judge to support his statement that the plaintiff did not report any side effects "originally" consists of "electronically-produced documents for which it is impossible to determine the author," and "[t]here is no information on the presence *or absence* of side effects of medications on any of these forms." Itemized Statement at 6 (emphasis in original). But he admits that each document "contains a place to identify the side effects of medications," *id*., and each form asks "you" to provide information about medications "you"

7

take, Record at 171, 205, 213, making it highly unlikely that anyone other than the plaintiff provided the information reported therein.  Contrary to the plaintiff's assertions, Itemized Statement at 7, a reasonable person reading the record entries to which the plaintiff refers would not consider the plaintiff's earlier omission of any statement about the side effects of his medications, Record at 171, 205, 213, to be consistent with his later statements about side effects in Exhibit 11E, Record at 223, cited by the administrative law judge.

The fact that I find substantial evidentiary support in the record for at least two of the four reasons given by the administrative law judge for discounting the plaintiff's credibility, "shoveling" when "profoundly functionally limited" and inconsistencies regarding adverse medication side effects, makes it unnecessary to consider the plaintiff's argument concerning the fourth and final factor, the plaintiff's demeanor at the hearing.  The plaintiff argues that this can never be relied upon as a factor unless the administrative law judge describes in detail "what it was about the claimant's 'demeanor' that detracted from his credibility."  Itemized Statement at 5.  But I note that the demeanor of the testifying claimant, otherwise unexplained, may be considered by an administrative law judge in concert with other factors.  *See, e.g, Frustaglia v. Secretary of Health & Human Servs*., 829 F.2d 192, 195 (1st Cir. 1987).  Particularly when, as here, the administrative law judge supports his or her conclusion about a claimant's credibility with specific findings, one of which may be an evaluation of demeanor, that determination is entitled to deference from a reviewing court.  *Id*.  *See also* Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2008), at 134.

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of January, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge